IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **TED THALASSINOS,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 13-0187-WS-N |
| | ) |
| **A. JAYSON ADAIR,** *et al.*, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

This matter comes before the Court on what purports to be an Answer (doc. 5) filed by defendant Ellis Automobile Sales Company. This document was filed by a person named Byron Ellis and reads, in its entirety, as follows: "I had no involvement with the sale of this forklift, from Copart to Ted Thalassinos. Byron Ellis." (*Id.*)

The threshold problem with this filing is that it was not submitted by an attorney, and no lawyer appears to be representing Ellis Automobile Sales Company in this matter. This arrangement is unsatisfactory because, under clearly established law, a corporation or other artificial entity cannot appear in federal court unless it is represented by counsel. *See, e.g., Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-02, 113 S.Ct. 716, 121 L.Ed.2d 656 (1993) ("It has been the law for the better part of two centuries … that a corporation may appear in the federal courts only through licensed counsel."); *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985) ("The rule is well established that a corporation is an artificial entity that … cannot appear *pro se*, and must be represented by counsel."); *United States v. Hagerman*, 545 F.3d 579, 581 (7th Cir. 2008) ("A corporation is not permitted to litigate in federal court unless it is represented by a lawyer licensed to practice in that court."); *Udoinyion v. The Guardian Security*, 2011 WL 3911087, *3 (11th Cir. Sept. 7, 2011) ("A corporation is an artificial entity that cannot appear *pro se* and must be represented by counsel.").

Simply put, Ellis Automobile Sales Company cannot represent itself in this proceeding, nor can its corporate officers, owners, managers, members, or employees file papers in this case on behalf of that entity unless they are licensed attorneys.  For this reason, it is imperative that Ellis Automobile Sales Company retain counsel immediately if it wishes to be heard or to defend against this action.  Ellis Automobile is therefore **ordered**, on or before **May 30, 2013**, to notify the Court in writing via notice of appearance of the name, address, and telephone number of the counsel it has retained to represent its interests in this action.  **Failure to comply with this Order in a timely manner may result in entry of default or other sanctions against defendant Ellis Automobile Sales Company upon motion by plaintiff.**

Additionally, it bears noting that the format of Ellis Automobile's filing is incorrect.  Any document that Ellis Automobile wishes to file with the Clerk of Court **must** include the caption of the case (*i.e.*, the court, parties' names, and case number, in substantially the form shown at the top of this Order); must include the signer's address and telephone number; and must include a certificate of service showing that the filing or paper has been served on all other parties.  *See* Rules 5(d), 10 & 11, Fed.R.Civ.P.; Rule 84, at Forms 1 & 2; Local Rule 5.1.  Future filings that do not comply with these requirements may be stricken without prior notice.

The Clerk of Court is **directed** to mail a copy of this Order to Byron Ellis, in care of Ellis Automobile Sales Company at the service address, which is P.O. Box 794, Tifton, GA 31794.

DONE and ORDERED this 9th day of May, 2013.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE