**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **TED THALASSINOS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )   **CIVIL ACTION 13-0187-WS-N** |
| | ) |
| **A. JAYSON ADAIR,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

**ORDER**

This matter comes before the Court on plaintiff's Motions for Default Judgment (docs. 8, 9, 10, 11 & 12) against defendants A. Jayson Adair, Kalle Ellis, Doug Jones, Chris Barto, and J.P. Nagel.

**I.    Background.**

The relevant procedural history of this case is as follows:  On April 15, 2013, plaintiff Ted Thalassinos, proceeding *pro se*, filed a Complaint (doc. 1) in this District Court against seven named defendants, to-wit: A. Jayson Adair, Copart, Kalle Ellis, Ellis Automobile Company, Doug Jones, Chris Barto, and J.P. Nagel.  The very short Complaint alleges that Thalassinos placed the winning bid in an Internet auction to purchase a 1998 Yale Forklift, that he "submitted funds to these defendants" for said forklift without delay, and that defendants then "refused to deliver the fork lift as promised."  (Doc. 1, at 1-2.)  Plaintiff maintains that this conduct amounts to a "violation of the Federal Trade Commission Act 15 U.S.C. 41-58 and the U.S. Safe Web Act Pub. L. No. 109-455 Codified to the F.T.C. Act 15 U.S.C. 41 et seq." (*Id.*) Plaintiff also asserts claims against defendants for fraud, conspiracy to defraud, and breach of contract, demanding judgment of $250,000 on each claim.[1]  The Complaint contains no jurisdictional allegations.

---

[1]      The claimed damages amount is difficult to fathom, given that the purchase price of the forklift was apparently $1,650.55, inclusive of fees, storage and taxes, and one defendant (Copart) has apparently offered to refund the entire amount to plaintiff.  (Doc. 7, at 1.)

The two corporate defendants, Copart and Ellis Automobile Company, have either filed or attempted to file responsive pleadings. (*See* docs. 5, 7.) The other five defendants (Adair, Kalle Ellis, Jones, Barto and Nagel) have not. Returns of service filed by plaintiff on April 25, 2013, reflect that the individual defendants were served as follows: (i) Kalle Ellis was served via certified mail at 399 Oakridge Church Road in Tifton, Georgia (which is apparently the business address for Ellis Automotive); (ii) Jones, Barto, and Adair were all served via certified mail at 14185 Dallas Parkway, Suite 300, in Dallas, Texas (which is apparently the business address for Copart); and (iii) Nagel was served via certified mail at a street address in Orlando, Florida, where the letter was signed for by someone who stamped "Ann Routhier – Rep." on the return receipt. (Doc. 4.) It appears that all of these certified mailings were delivered by the U.S. Postal Service on April 22, 2013. The receipts indicate that none of these mailings were actually signed for by the named defendant himself or herself.

On May 14, 2013, 22 days after purported service of process, Thalassinos filed Motions for Default Judgment against each of defendants Kalle Ellis, Jones, Barto, Adair and Nagel.

## II.   Subject Matter Jurisdiction.

Antecedent to evaluating whether default judgment is warranted, the undersigned must consider the threshold question of whether subject matter jurisdiction lies here. "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Friends of the Everglades v. U.S. E.P.A.*, 699 F.3d 1280, 1289 (11th Cir. 2012) (citation omitted); *see also Odyssey Marine Exploration, Inc. v. Unidentified Shipwrecked Vessel*, 657 F.3d 1159, 1179 (11th Cir. 2011) ("Subject matter jurisdiction of the lower federal courts is determined by Congress in the exact degrees and character to which Congress may seem proper for the public good.") (citation and internal quotation marks omitted). Simply put, federal courts "only have the power to hear cases over which the Constitution or Congress has given them authority." *Title Pro Closings, L.L.C. v. Tudor Ins. Co.*, 840 F. Supp.2d 1299, 1302 (M.D. Ala. 2012). If a federal court oversteps those bright-line boundaries, "it violates the fundamental constitutional precept of limited federal power." *Griffith v. Wal-Mart Stores East, L.P.*, 884 F. Supp.2d 1218, 1221 (N.D. Ala. 2012) (citations omitted).

What this means is that this Court is obliged to scrutinize the Complaint to ensure that the plaintiff has stated an adequate jurisdictional basis before allowing the lawsuit to proceed further. Moreover, because federal courts have narrowly circumscribed jurisdiction, this Court bears an

affirmative duty to inquire *sua sponte* whenever it appears that subject matter jurisdiction may be lacking. *See Williams v. Chatman*, 510 F.3d 1290, 1293 (11ᵗʰ Cir. 2007) ("Federal courts are obligated to inquire into subject-matter jurisdiction *sua sponte* whenever it may be lacking.") (citation and internal quotation marks omitted).[2]  Indeed, as the Eleventh Circuit has explained, "[t]he jurisdiction of a court over the subject matter of a claim involves the court's competency to consider a given type of case, and cannot be waived or otherwise conferred upon the court by the parties. Otherwise, a party could work a wrongful extension of federal jurisdiction and give district courts power the Congress denied them." *University of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 410 (11ᵗʰ Cir. 1999) (citations omitted).

By filing his Complaint in federal court, Thalassinos invoked federal jurisdiction and therefore must shoulder the burden of demonstrating the existence of subject matter jurisdiction. *See, e.g., Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1085 (11ᵗʰ Cir. 2010) ("The party commencing suit in federal court … has the burden of establishing, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction."); *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11ᵗʰ Cir. 2002) (similar).  More fundamentally, Rule 8(a)(1) of the Federal Rules of Civil Procedure requires a plaintiff to include in his complaint "a short and plain statement of the grounds for the court's jurisdiction." *Id.*  Thalassinos did not do so, leaving the Court to guess as to why he contends this action belongs in federal court.[3]  Without clarification from plaintiff as to the basis on which federal court

---

[2]    *See also Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 975 (11ᵗʰ Cir. 2005) (noting that "a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking"); *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11ᵗʰ Cir. 2001) ("[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises.").

[3]    A plaintiff is not relieved of his jurisdictional and pleading burdens simply because he does not have a lawyer.  To be sure, "*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11ᵗʰ Cir. 1998).  But Thalassinos's *pro se* status does not excuse him from compliance with procedural rules and court orders. *See, e.g., Moton v. Cowart*, 631 F.3d 1337, 1341 n.2 (11ᵗʰ Cir. 2011); *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11ᵗʰ Cir. 2007) (explaining that "we are to give liberal construction to the pleadings of pro se litigants," but that "we nevertheless have required them to conform to procedural rules") (citation omitted); *Moon v. Newsome*, 863 F.2d 835, 837 (11ᵗʰ Cir. 1989) (a *pro se* party "is (Continued)

jurisdiction is sought, no definitive determination of the presence or absence of subject matter jurisdiction is possible.[4]

   To alleviate the uncertainty, plaintiff is **ordered** to file and serve an amended complaint remedying this defect on or before **June 3, 2013**.  At a minimum, this amended pleading must supplement the allegations of the original complaint with a short and plain statement of the grounds for jurisdiction, along with sufficient supporting facts to demonstrate that federal jurisdiction over this action is proper.[5]

---

subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure," and may be sanctioned "for failure to comply with court orders"); Local Rule 83.9(b).  Nor does the leniency afforded *pro se* litigants give this Court license to serve as *de facto* counsel for Thalassinos or to rewrite otherwise deficient pleadings to help him identify a viable basis for federal jurisdiction.  *See GJR Investments, Inc. v. County of Escambia, Fla.,* 132 F.3d 1359, 1369 (11th Cir. 1998).

[4]   The Court does note, however, that any attempt by plaintiff to predicate federal jurisdiction on his nominal assertion of claims under the Federal Trade Commission Act would fail, as a matter of law.  Merely reciting a federal statute as a basis for a plaintiff's claims does not give rise to jurisdiction under 28 U.S.C. § 1331 if the cause of action as pleaded is insubstantial and frivolous.  *See McGinnis v. Ingram Equipment Co.*, 918 F.2d 1491, 1494 (11th Cir. 1990) (where plaintiff alleges federal question jurisdiction, jurisdiction is lacking if the cause of action as pleaded is "patently without merit" or "insubstantial and frivolous"); *see also Hagins v. Lavine*, 415 U.S. 528, 536, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974) ("Over the years this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit ...") (citations and internal quotation marks omitted).  This appears to be just such a case because the law is crystal clear that no private right of action exists under the federal statutory provisions cited in the Complaint.  *See, e.g., American Airlines v. Christensen*, 967 F.2d 410, 414 (10th Cir. 1992) ("there is no private right of action" under the Federal Trade Commission Act); *Sefa v. Kentucky*, 2013 WL 69337, *2 (6th Cir. Jan. 7, 2013) ("[T]he provisions of the Federal Trade Commission Act may be enforced only by the Federal Trade Commission.") (citation omitted); *Norris v. Fairbanks Capital Corp.,* 2006 WL 1169849, *1 (5th Cir. May 3, 2006) (plaintiff has "no private right of action under the Federal Trade Commission Act"); *Martino v. Everhome Mortg.,* 639 F. Supp.2d 484, 491 n.16 (D.N.J. 2009) ("The Complaint does not assert a claim arising under 15 U.S.C. § 45(a), and even if it did, there is no private right of action under this statute."); *Haun v. Don Mealy Imports, Inc.*, 285 F. Supp.2d 1297, 1306 (M.D. Fla. 2003) (the Federal Trade Commission Act and associated regulations have "never been construed to contain a private right of action") (citations omitted).

[5]   The jurisdictional issue must be addressed and resolved before the plaintiff's request for entry of default judgment may be considered.  After all, a finding that jurisdiction is lacking would ordinarily compel immediate dismissal of this lawsuit, irrespective of whether (Continued)

**III.   Personal Jurisdiction Over Defaulted Defendants.**

Assuming (without deciding) the federal subject matter jurisdiction is proper here, Thalassinos still would not be entitled to entry of default or default judgment against defendants Kalle Ellis, Jones, Barto, Adair and Nagel without a further factual showing.  In particular, the record reveals substantial questions as to whether any of these defendants has been properly served with process in accordance with applicable procedural rules.

Service of process on an individual within the United States is governed by Rule 4(e), Fed.R.Civ.P.  Because he utilized certified mail to attempt service on these defendants, Thalassinos was apparently proceeding under Rule 4(e)(1), which allows service on an individual by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Rule 4(e)(1), Fed.R.Civ.P.  The applicable Alabama rule provides that "[s]ervice by certified mail shall be deemed complete and the time for answering shall run from the date of delivery to the named addressee or the addressee's agent as evidenced by signature on the return receipt." Rule 4(i)(2)(C), Ala.R.Civ.P.  "Within the meaning of this subdivision, 'agent' means a person or entity specifically authorized by the addressee to receive the addressee's mail and to deliver that mail to the addressee."  *Id.*  As noted, all of the certified mail receipts presented by Thalassinos reflect that someone other than the named defendant signed for the delivery.  As to these individuals, then, service is good only if the signatory constitutes the defendant's "agent" within the meaning of Alabama's Rule 4(i)(2)(C).  Plaintiff has presented no evidence or argument to demonstrate an agency relationship, which is necessary to establish proper service on any of these defendants.

As a *pro se* plaintiff, Thalassinos might perceive this as gratuitous nitpicking by the Court.  Not so.  The service of process inquiry is not simply academic, nor is the Court overstepping boundaries by raising the issue *sua sponte*.  The law is well-settled that "[g]enerally, where service of process is insufficient, the court has no power to render judgment

---

defendants are in default or not.  *See generally Osting-Schwinn*, 613 F.3d at 1092 ("[O]nce a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue.") (citation omitted); *Guevera v. Republic of Peru*, 468 F.3d 1289, 1305 (11th Cir. 2006) ("If the court finds that it does not have subject matter jurisdiction, the court's sole remaining act is to dismiss the case for lack of jurisdiction.") (citation and internal quotation marks omitted).

and the judgment is void." *In re Worldwide Web Systems, Inc.*, 328 F.3d 1291, 1299 (11th Cir. 2003).  This is because "[s]ervice of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served." *Hemispherx Biopharma, Inc. v. Johannesburg Consol. Investments*, 553 F.3d 1351, 1360 (11th Cir. 2008) (citation omitted).[6]  Thus, in determining whether to exercise its discretion to take the disfavored action of entering a default judgment against a party that has failed to plead or otherwise defend, "the district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties.... A court cannot obtain personal jurisdiction over a party without proper service of process." *D'Onofrio v. Il Mattino*, 430 F.Supp.2d 431, 437–38 (E.D. Pa. 2006) (citations omitted).  What this means is that the Court cannot take the action that Thalassinos is requesting (*i.e.*, entry of default judgment against five non-appearing defendants) unless plaintiff first makes a showing that personal jurisdiction has been established over those defendants via service of process executed in accordance with the governing procedural rules.  The record in its present state is inadequate to satisfy plaintiff's burden.

In light of these considerations, Thalassinos is **ordered**, on or before **June 10, 2013**, to file and serve a supplemental legal and evidentiary submission in support of his requests for entry of default judgment against Kalle Ellis, Jones, Barto, Adair and Nagel, sufficient to demonstrate that these defendants have in fact been validly served with process, such that any default judgment entered against them would not be void for lack of personal jurisdiction.[7]

---

[6]     *See also Oldfield v. Pueblo De Bahia Lora, S.A.*, 558 F.3d 1210, 1217 (11th Cir. 2009) ("an *in personam* judgment entered without personal jurisdiction over a defendant is void as to that defendant") (citations omitted); *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1214 n. 6 (11th Cir. 1999) ("A court without personal jurisdiction is powerless to take further action."); *In re Partial Hosp. Institute of America*, 281 B.R. 728, 732 (Bankr. S.D. Ala. 2001) ("A judgment is also void when there has been defective service of process causing a party to be denied due process of law."); *Okehi v. Security Bank of Bibb County*, 199 F.R.D. 388, 389 (M.D. Ga. 2001) ("Insufficient service of process renders a judgment void as the Court lacks personal jurisdiction in such a situation and therefore has no power to render a judgment."); *American Institute of Certified Public Accountants v. Affinity Card, Inc.*, 8 F.Supp.2d 372, 375 (S.D.N.Y. 1998) ("a judgment obtained by way of defective service is void for lack of personal jurisdiction and must be set aside as a matter of law").

[7]     *See Farm Credit of Northwest FL, ACA v. R & B Const. of South Alabama, Inc.*, 2009 WL 3245818, *2 (S.D. Ala. Oct. 5, 2009) (discussing example of evidentiary showing sufficient to establish proper service on individual defendant via certified mail delivered to his (Continued)

IV.   **Conclusion.**

For all of the foregoing reasons, it is **ordered** as follows:

1.      Plaintiff is **ordered** to file and serve an amended complaint on or before **June 3, 2013**, which amended pleading must contain the jurisdictional statement required under Rule 8(a)(1) and sufficient supporting facts to show a plausible basis for same;

2.      Plaintiff is **ordered** to file and serve a supplemental legal and evidentiary showing on or before **June 10, 2013**, to support his contention that he validly served process on defendants Kalle Ellis, Jones, Barto, Adair and Nagel, such that those defendants are subject to entry of default and default judgment for failing to file responsive pleadings within the time period provided by Rule 12(a)(1)(A)(i), Fed.R.Civ.P.;

3.      Plaintiff's Motions for Default Judgment (docs. 8-12) will be taken under submission following adjudication of the aforementioned jurisdictional issues; and

4.      The Clerk of Court is directed to mail copies of this Order to plaintiff, and to defendants Kalle Ellis, Jones, Barto, Adair, Nagel and Ellis Automobile Sales Co. at the addresses where they were served with process.  (It is not necessary to mail a copy of the Order to defendant Copart, inasmuch as that defendant is represented by counsel who has appeared herein and will receive electronic notification via CM/ECF.)

DONE and ORDERED this 20th day of May, 2013.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

place of employment, where plaintiff established that signatory was defendant's "agent" within the meaning of Rule 4(i)(2)(C) of the Alabama Rules of Civil Procedure).