IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TED THALASSINOS,               ) | |
|                                ) | |
|     Plaintiff,                 ) | |
|                                ) | |
| v.                             ) | CIVIL ACTION 13-0187-WS-N |
|                                ) | |
| A. JAYSON ADAIR, *et al.*,     ) | |
|                                ) | |
|     Defendants.                ) | |

**ORDER**

This matter comes before the Court on plaintiff's latest filing, styled "Plaintiff's Motion to Reconsider En Banc" (doc. 17).

On April 15, 2013, plaintiff Ted Thalassinos, who is proceeding *pro se*, filed a Complaint against seven named defendants concerning an Internet auction for a forklift, whose total purchase price was approximately $1,600. The Complaint lacked the short and plain jurisdictional statement required by Rule 8(a)(1), Fed.R.Civ.P. Moreover, scrutiny of the Complaint yielded considerable doubt as to the existence of federal subject matter jurisdiction. As the law requires, the Court entered an Order (doc. 14) on May 20, 2013, raising these jurisdictional concerns *sua sponte*, setting forth in detail the legal basis for same, and explaining that plaintiff could not simply "leav[e] the Court to guess as to why he contends this action belongs in federal court." (Doc. 14, at 3.) The May 20 Order issued the following very clear directive to plaintiff:

> "To alleviate the uncertainty, plaintiff is **ordered** to file and serve an amended complaint remedying this defect on or before **June 3, 2013**. At a minimum, this amended pleading must supplement the allegations of the original complaint with a short and plain statement of the grounds for jurisdiction, along with sufficient supporting facts to demonstrate that federal jurisdiction over this action is proper."

(Doc. 14, at 4.)

Rather than complying with the May 20 Order, Thalassinos filed a Motion to Set-Aside Judgment / Order (doc. 15) in which he criticized the May 20 Order for not identifying a

jurisdictional theory that had been omitted from the Complaint, suggested that the May 20 Order created "the appearance of a conflict of interest," and indicated his belief that the May 20 Order amounted to "an abuse of discretion and violation of plaintiff's right to due process." (Doc. 15, at 2-3.)  Notwithstanding these frivolous objections and plaintiff's noncompliance with the clear instructions in the May 20 Order, the Court did not dismiss this action at that time.  Instead, and in deference to plaintiff's *pro se* status, the undersigned gave Thalassinos another chance.  In an Order (doc. 16) entered on June 5, 2013, the Court explained to plaintiff that his various objections to the May 20 Order were meritless and emphasized the critical importance that plaintiff make the legally mandated showing of subject matter jurisdiction via appropriate pleading.  The June 5 Order explained in clear terms what Thalassinos must do, as follows:

> "Plaintiff is **ordered** to file an amended complaint on or before **June 17, 2013**, which amended pleading must contain the jurisdictional statement required under Rule 8(a)(1) and sufficient supporting facts to show a plausible basis for same. This filing is to be presented in the form of an Amended Complaint, not a memorandum or motion.  It is plaintiff's burden to plead a basis for subject matter jurisdiction in his Amended Complaint, and to include in that pleading sufficient supporting facts to support the existence of subject matter jurisdiction."

(Doc. 16, at 3.)

Now, June 17 has come and gone.  Plaintiff has never filed the requisite Amended Complaint.  Instead, he continues to resist the Court's lawful and proper orders, wasting time and squandering scarce judicial resources by filing frivolous objections and requests for reconsideration.  This time, plaintiff's noncompliance takes the form of a document styled "Motion to Reconsider En Banc" (doc. 17).  This purported "Motion to Reconsider" does not identify any error or oversight in the portions of the May 20 Order addressing subject matter jurisdiction, nor does it offer any explanation at all for plaintiff's failure to comply with the unambiguous directive that he file an Amended Complaint setting forth appropriate jurisdictional allegations and supporting facts.  Plaintiff simply has not complied.[1]  A Motion to Reconsider is

---

[1] At most, the Motion includes a passing reference to federal question jurisdiction and states that such jurisdiction "encompasses causes of action created by Federal statue [*sic*] such as 42 USC 1983 which explicitly authorizes a private remedy for acts that are taken under color of state law and violates rights secured by federal law." (Doc. 17, at 2.)  If plaintiff means to predicate subject matter jurisdiction on 28 U.S.C. § 1331 via a § 1983 cause of action, that contention fails on its face because (i) the Complaint does not even attempt to allege a § 1983 cause of action, and (ii) even if it did, the "under color of state law" requirement is obviously not (Continued)

not appropriately filed merely because a litigant does not agree with (or does not wish to abide by) the court's ruling.  *See, e.g., Lee v. Thomas*, 2012 WL 3137901, *2 (S.D. Ala. Aug. 1, 2012) ("Nor are motions to reconsider properly filed as a kneejerk reaction by a dissatisfied federal court loser."); *Hughes v. Stryker Sales Corp.*, 2010 WL 2608957, *3 (S.D. Ala. June 28, 2010) (rejecting notion that motions to reconsider "are appropriate whenever the losing party thinks the District Court 'got it wrong,'" but finding that they are instead "an extraordinary remedy" that must be "employed sparingly") (citations omitted).  For these reasons, Plaintiff's Motion to Reconsider is **denied**.

Where does that leave us?  Some two and a half months into the lifespan of this litigation, Thalassinos still has not submitted a pleading containing the short and plain jurisdictional statement required by the Federal Rules of Civil Procedure.  He has pleaded no facts supporting the existence of whatever undisclosed jurisdictional theory he might be championing.  The Court has afforded him multiple opportunities to correct these jurisdictional pleading errors (and given him specific instructions concerning what must be done), but plaintiff has declined.  The net result is that plaintiff has not satisfied his burden of demonstrating the existence of subject matter jurisdiction.  *See, e.g., Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1085 (11th Cir. 2010) ("The party commencing suit in federal court … has the burden of establishing,

---

satisfied as to the complained-of activities by defendants, none of whom are alleged to have any governmental nexus whatsoever.  *See Butler v. Sheriff of Palm Beach County*, 685 F.3d 1261, 1265 (11th Cir. 2012) ("A defendant acts under color of state law when she deprives the plaintiff of a right through the exercise of authority that she has by virtue of her government office or position. … The dispositive question is whether the defendant was exercising the power she possessed based on state authority or was acting only as a private individual.") (citations omitted); *Focus on the Family v. Pinellas Suncoast Transit Authority*, 344 F.3d 1263, 1277 (11th Cir. 2003) ("the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful") (citation omitted).  Thus, even if plaintiff's Complaint could be read as alleging a § 1983 claim against the plainly private defendants (which it cannot), such an insubstantial claim could not and would not confer federal jurisdiction here.  *See generally McGinnis v. Ingram Equipment Co.*, 918 F.2d 1491, 1494 (11th Cir. 1990) (where plaintiff alleges federal question jurisdiction, jurisdiction is lacking if the cause of action as pleaded is "patently without merit" or "insubstantial and frivolous"); *Hagins v. Lavine*, 415 US. 528, 536, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974) ("this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit").

by a preponderance of the evidence, facts supporting the existence of federal jurisdiction."). Plaintiff's *pro se* status does not relieve him of the obligations to meet this jurisdictional burden, to plead in a manner that satisfies Rule 8(a)(1), or to comply with repeated specific directives of this Court.  *See, e.g., Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("once a *pro se* … litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure," and may be sanctioned "for failure to comply with court orders"); Local Rule 83.9(b) ("All litigants proceeding *pro se* shall be bound by and comply with all local rules of this Court, and the Federal Rules of Civil and Criminal Procedure ….").

The Court's determination that plaintiff has failed to make an adequate showing of federal subject matter jurisdiction compels the dismissal of this action.  *See generally Osting-Schwinn*, 613 F.3d at 1092 ("[O]nce a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue.") (citation omitted); *Guevera v. Republic of Peru*, 468 F.3d 1289, 1305 (11th Cir. 2006) ("If the court finds that it does not have subject matter jurisdiction, the court's sole remaining act is to dismiss the case for lack of jurisdiction.") (citation and internal quotation marks omitted).  Accordingly, dismissal of this action for want of subject matter jurisdiction is appropriate at this time.[2]

---

[2] Of course, the general rule in this Circuit (at least with respect to *pro se* plaintiffs) is that "[w]here a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991).  But the dismissal of Thalassinos' Complaint is without prejudice, not with prejudice, thereby removing this case from the purview of *Bank*.  *See Quinlan v. Personal Transport Services Co.*, 2009 WL 1564134, *2 (11th Cir. June 5, 2009) ("we never have stated that a district court *sua sponte* must allow a plaintiff an opportunity to amend where it dismisses a complaint without prejudice"); *Bazrowx v. Scott*, 136 F.3d 1053, 1054–55 (5th Cir. 1998) (dismissal of *pro se* complaint without granting leave to amend was proper where dismissal was without prejudice); *Williams v. Quality Filters, Inc.*, 2007 WL 4219201, *5 n.5 (S.D. Ala. Nov. 27, 2007) ("where, as here, a plaintiff's claims are dismissed without prejudice, any harm to plaintiff by virtue of not granting her leave to amend her complaint *sua sponte* prior to dismissal is attenuated").  Besides, this Court has already granted Thalassinos not one, but two opportunities to amend his pleading to remedy its jurisdictional infirmities.  He has refused on each occasion.  Nothing in the law or the circumstances of this case would favor giving plaintiff a third bite at the apple before this action may be dismissed.

-5-

For all of the foregoing reasons, this action is **dismissed without prejudice** for lack of federal subject matter jurisdiction.  A separate judgment will enter.

DONE and ORDERED this 26th day of June, 2013.

s/WILLIAM H. STEELE<br>
CHIEF UNITED STATES DISTRICT JUDGE